Devlin *v.* Devlin.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]

(*a*) *S. C.,* reported briefly, 4 *Hun,* 654.

---

## JEREMIAH S. DEVLIN and another *vs.* JOHN S. DEVLIN.

An injunction restrained the defendant from using the plaintiff's firm name ("Devlin & Co.") in any form or manner; and it further ordered that "the said John S. Devlin be and he is hereby confined — whenever the word Devlin appears or is used in his advertisements, signs, placards, slips or other means and modes of making known his business or place of business, or offering for sale, or selling his goods, &c. — to his own proper Christian, middle and surname conjoined, and without monograms, signs or other devices which may tend to mislead or induce the public or any other person as aforesaid; and it is further ordered that the said John S. Devlin be and he hereby is confined to the use of his own name, John S. Devlin, or J. S. Devlin, without the use of any monogram containing the initials J. S. or other device as aforesaid; but nothing herein is to be construed or interpreted as preventing the said defendant from using his own name in his advertisements, signs or placards." It was not alleged that the firm name "Devlin & Co." had been used; but the defendant had placed upon his store a sign containing his own name (J. S. Devlin) with the initials "J. S." so arranged as partially to conceal them, and to mislead the public, and induce them to suppose the defendant's store was that of the plaintiff's. *Held,* that this was a breach of the injunction.

APPEAL from an order of the Special Term, adjudging the defendant to be in contempt for violating an injunction.

*Walter Edwards*, Jun., for the appellant.

*John E. Devlin*, for the respondent.

*By the Court*, DAVIS, P. J. The defendant was manifestly guilty of an attempt, by use of the long established firm name of the plaintiffs, to attract custom to his shop by deception on his part. There was no firm. His business was carried on by himself without a partner, and the assumption of the firm name of the plaintiffs who were in the same business, was not only a violation of their rights, but a criminal misdemeanor under the statute. Hence the injunction of the court was very properly granted. The injunction restrained the defendant from using the firm name "Devlin & Co." in any form or manner, and it further ordered "that the said John S. Devlin be and he is hereby confined — whenever the word 'Devlin' appears or is used in his advertisements, signs, placards, slips or other means and modes of making known his business, or place of business, or offering for sale or selling his goods, wares and merchandise — to his own proper Christian, middle and surname conjoined, and without monograms, signs or other devices which may tend to mislead or induce the public or any other person as aforesaid. And it is further ordered that the said John S. Devlin be and he hereby is confined to the use of his own name, John S. Devlin, or J. S. Devlin, without the use of any monogram containing the initials J. S. or other device as aforesaid ; but nothing herein is to be construed or interpreted as preventing the said defendant from using his own name in his advertisements, signs or placards." It is not asserted that the firm name "Devlin & Co." has been used, but that a sign which contains the name of J. S. Devlin has been so arranged that it tends to mislead and deceive the public, in a manner forbidden by the injunction. The learned justice below came to the conclusion

that that was the intent of the arrangement of the figures, letters and words of the sign. " The inquiry is, here," he says in his opinion, " is the court convinced that the present sign is an effort to continue, with a less flagrant use of means, the same attempt." It seems to us obvious that this was the true question ; because the injunction, which was in full force, restrained the defendant to the use of his own name " without monograms, signs or other devices which may tend to mislead or induce the public," &c., as the firm name, " Devlin & Co." was held to have done. It is quite clear to us that the object of the defendant in preparing the sign now complained of was to attract and fix the public eye on the words " Devlin's Clothing." The arrangement of the letters " J. S." between the figures on the upper line of the sign was not to display them as the initials of the defendant or to connect them with the word " Devlin," on the line below, but to disconnect and partially conceal them, so that the casual observer would fail to notice them as belonging to the words below, and thereby be led to suppose that the shop of the defendant was the establishment of the plaintiffs, long and well known as " Devlin's Clothing Store." The defendant was prohibited by the injunction from using his own name so as to operate on the public as a deception of that kind ; and although one who stopped and carefully studied the sign might observe that the letters " J. S." were initials of the name, yet less careful observers might easily take them for arbitrary or cabalistic signs forming no part of the name. The court below held that the latter was the intent of the defendant. The ruling certainly sails very close to the wind, but the impression left on our minds as to the intent and effect of the acts of defendant is in the same direction. It was certainly easy for the defendant to have obeyed the injunction strictly, till he could have obtained its modification or dissolution. But he chose to experiment

upon it, and if in doing so he has stepped over the forbidden line, he has only himself to blame for the consequences. We think the order appealed from should be affirmed with $10 costs, besides disbursements.(*a*)

Order affirmed.

[First Department, General Term at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]

(*a*) *S. C.,* reported briefly, 4 *Hun,* 651.